UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 11-CV-0082-KKC

MARK ROGERS                                                                               PLAINTIFF

v.            **MEMORANDUM OPINION AND ORDER**

MICHAEL ASTRUE
COMMISSIONER OF SOCIAL SECURITY                                        DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on cross motions for summary judgment filed by Plaintiff, Mark Rogers [DE 12] and Defendant Michael Astrue, Commissioner of Social Security [DE 13]. For the reasons set forth below, the Court will deny Plaintiff's motion and will grant Defendant's motion.

## I.      FACTS AND PROCEDURAL HISTORY.

At the time of the alleged disability onset date, the Plaintiff was a 37-year-old male with a ninth grade education. AR 26, 27, 29. He has past relevant work experience as cable technician and construction worker. AR 31. He alleges disability beginning on December 15, 2006 due to a combination of impairments including right leg issues, headaches, sciatic nerve damage, back problems, depression and neuropathy. AR 30, 32-33.

On June 4, 2008, Plaintiff filed an application for disability insurance benefits and supplemental security income benefits. AR 97, 101. His claim was denied initially and upon reconsideration. AR 1, 7. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). AR 84. The request was granted and Plaintiff appeared and testified at a hearing held on July 20, 2009. AR 25, 49.

On November 23, 2009, Administrative Law Judge George L. Evans, III determined that Plaintiff was not disabled as defined by the Social Security Act. AR 7-18. Plaintiff filed a request for review by the Social Security Administration's Appeals Council, but the request was denied. AR 1-6. Consequently, the ALJ's decision became the final decision of the Commissioner. Since the Plaintiff has exhausted all of his administrative remedies, his claims are ripe for review by this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.  DISCUSSION.

### A.  Standard of Review.

When reviewing decisions of the Social Security Administration ("the Agency"), the Court is commanded to uphold the agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

The Court must defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (*quoting Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The court cannot review the case *de novo*, resolve conflicts in the

evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as his own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 Fed. App'x 503, 506 (6th Cir. 2005).

### B. Overview of the Process.

Under the Social Security Act, a disability is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.,* 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416.920. For the first four steps of the process, the claimant has the burden of proving the existence and severity of limitation caused by his impairment and that he is precluded from doing past relevant work. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, for the fifth step, the burden shifts to the Commissioner. *Id.*

To sustain his burden at the first step, the claimant must show that he is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(i); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that he suffers from a severe impairment or combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an

3

individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all the claimant's impairments, including those that are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the claimant's RFC, he must determine whether the claimant has the RFC to perform the requirements of his past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1560(c).

### C. The ALJ's Decision.

At step one of the sequential evaluation process, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 15, 2006, the alleged onset date. AR 12. At step two, the ALJ found that Plaintiff has the following severe impairments: mild lumbar degenerative disc disease, obesity, right leg neuropathy, right hip osteoarthritis, post-traumatic stress disorder and a panic disorder. AR 12. However, at step three, the ALJ found that these impairments did not meet or medically equal one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 12-13.

Prior to step four, the ALJ determined that Plaintiff has the RFC to lift and carry ten pounds occasionally. AR 14-16. Additionally, the ALJ found that the claimant can stand or walk for two hours per eight-hour workday and can sit for six hours per workday. AR 14-16. The ALJ also found that Plaintiff can at least occasionally climb, balance, stoop, kneel, crouch and crawl but that Plaintiff would be limited to simple,

4

unskilled work. AR 14-16. Since Plaintiff's last relevant work involved construction labor, lifting more than 100 pounds at a time, at step four the ALJ determined that Plaintiff is unable to perform past relevant work. AR 16. At step five, the ALJ found that Plaintiff is a younger individual with limited education who is capable of performing unskilled labor in the national economy. AR 16-17. Accordingly, the ALJ found that Plaintiff is not under a disability under the Social Security Act. AR 17.

**D. Analysis.**

In his motion for summary judgment, the Plaintiff lists five issues to be considered by this Court: (1) whether the ALJ gave appropriate weight to the Plaintiff's treating physician's opinion; (2) whether the ALJ gave adequate reasons for refusing to accept the treating physician's opinion; (3) whether the ALJ considered the combined effect of Plaintiff's impairments; (4) whether the ALJ considered the durational requirement of substantial gainful activity; and (5) "[w]hether a reasonable person could conclude and justify that plaintiff is not disabled in light of the substantial limitations assigned by the treating physician, supported by overwhelming evidence of a lifetime of such difficulties and the further evaluation of the consultation physician."

The Court addresses the first and second issue as one.

### 1) The ALJ Gave Good Reasons for Discounting the Treating Physician's Opinion.

Plaintiff claims that the ALJ erred by failing to give appropriate weight to the opinion of his treating physician, Dr. Lyons. Dr. Lyons opined that Plaintiff could perform no work, with no standing, little sitting and no frequent lifting whatsoever, among other limitations. AR 385-86. After careful review of the ALJ's opinion and the

5

medical evidence in the record, the Court finds that the ALJ did not err in affording less weight to Dr. Lyon's opinion and that he gave sufficient reasons for doing so.

In most cases, an ALJ should give more weight to the opinions of treating physicians than other sources because:

> these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)). However, the Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993) (*citing Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990)). Accordingly, "the Secretary may reject a treating physician's opinion if good reasons are identified for not accepting it." *Bogle*, 998 F.2d at 347-48 (*citing Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990)).

In this case, the ALJ gave legitimate reasons for discounting the Dr. Lyons opinion. The first such reason identified by the ALJ is the inconsistency of Dr. Lyons' findings with the evidence in the record. In his RFC assessment, Dr. Lyons found that Plaintiff suffered from right hip pain and arthritis, neuropathy in his foot, arthritis pain in his right joints, and sciatic nerve pain on his right side. AR 386. Furthermore, Dr. Lyons stated that Plaintiff could not lift more than five pounds; can never squat, crawl or climb; can only occasionally bend; had moderate restrictions on his driving ability; and could

work zero hours per day. AR 386. These findings are inconsistent with the findings of the other physicians of record.

Dr. Hoskins, who examined Plaintiff on behalf of the Social Security Administration, found that Plaintiff had only "moderate" limitations for walking on level ground and balancing, and had some limitations on stooping, kneeling and crawling. AR 15. Accordingly, Dr. Hoskins found the Plaintiff could perform light lifting, carrying and bending. AR 15. Dr. Hoskins took detailed notes of his objective medial findings and examined Plaintiff extensively, including taking x-rays. AR 345-50. In contrast, Dr. Lyons' treatment was limited to listening to Plaintiff's subjective complaints and recording very few objective findings. AR 15. In addition to Dr. Hoskins' examination, two Disability Determination Services physicians examined Plaintiff and found him capable of performing light exertional level activities with only sedentary standing or walking. AR 16. On the basis of these differing opinions, the ALJ found Dr. Lyons' assessment to be inconsistent with the objective medical evidence. AR 15.

Further, Dr. Lyons' findings were not based on objective medical evidence. Dr. Lyons' medical records discuss little more than Plaintiff's subjective complaints about Plaintiff's various pains and ailments. AR 378 ("the patient reports that his right sciatic nerve neuropathic pain is about the same...patient is trying to watch what he eats"); AR 380 ("with the colder weather the patient has had to take a 3rd pill most days to stop his sciatic neuropathic pain in the leg...he is using his cane, and wearing his high toped boots and this seems to help his right osteoarthritic hip and ankle pain"); AR 382 ("on exam he has about the same level of pain but the current medication is having him take too much ibuprofen for the breakthrough pain"). The ALJ noted several of these complaints and the

7

lack of a subsequent detailed physical examination of Plaintiff. AR 15. Simply recording Plaintiff's subjective complaints is not objective medical data therefore Dr. Lyons' clinical findings were insufficient to support a deferential review by the ALJ. *See Poe v. Comm'r of Social Security,* 342 Fed. Appx. 149, 156 (6th Cir. 2009) ("substantial evidence supports the ALJ's determination that the opinion of Dr. Boyd, [Plaintiff's] treating physician, was not entitled to deference because it was based on Poe's subjective complaints, rather than objective medical data"); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *see Thomas v. Barnhart*, 105 Fed. Appx. 715, 717 (6th Cir. 2004).

### 2) The ALJ properly considered the combined effects of Plaintiff's impairments.

In reaching a disability determination, the ALJ must consider the combined effect of all of the claimant's impairments, without regard to whether any of the impairments, considered individually, would be sufficient to render the claimant disabled. *Walker v. Comm'r of Soc. Sec.*, 980 F.2d 1066, 1071 (6th Cir. 1992); *see also* 20 C.F.R. § 404.1523. The Plaintiff alleges that the ALJ did not take into account the severity of his ailments in combination. However, upon review the Court finds that the ALJ properly considered the combined effect of Plaintiff's disabilities.

The ALJ's opinion specifically states that he found that Plaintiff did "not have an impairment or *combination of impairments* that meets or medically equals one of the listed impairments." AR 12 (emphasis added). Contrary to Plaintiff's assertion of an inadequate combinations analysis, the ALJ considered all of the Plaintiff's impairments individually and discussed the various conditions that were found to be severe or not severe. AR 12-13. *See Loy v. Sec'y of Health and Human Servs.*, 901 F.2d 1306, 1310

8

(6th Cir. 1990) ("[I]ndividual discussion of multiple impairments does not imply that [the ALJ] failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding the Plaintiff does not meet a listing." (*quoting Gooch v. Sec'y of Health and Human Servs*., 833 F.2d 589, 592 (6th Cir. 1978))). In fact, the ALJ lists the same impairments claimed by Plaintiff as "combined impairments" and noted that he determined Plaintiff's RFC "after careful consideration of the *entire record*." AR 12, 14 (emphasis added). Plaintiff asserts no additional impairments that were omitted from the ALJ's analysis of Plaintiff's "combined impairments" or their effect on the ALJ's RFC findings. AR 12. Based upon the Court's review of the ALJ's decision, and without more specific contentions advanced by Plaintiff, the Court finds that the ALJ properly considered the combined effect of Plaintiff's impairments.

### 3) The ALJ properly considered the Plaintiff's Ability to Maintain Employment.

Plaintiff claims that the ALJ did not consider his durational abilities which are limited due to his significant physical and mental limitations. The Plaintiff cites *Gatliff v. Comm'r of Soc. Sec*., 172 F.3d 690 (9th Cir. 1999) in support of his contention that the ALJ erred by failing to make a specific finding that he could perform substantial gainful activity on an ongoing basis.

As Judge Bunning recently noted, "[t]his not the first time that counsel for Plaintiff, Roger Donald Riggs, has unsuccessfully presented this argument before the undersigned and other federal judges within the Eastern District of Kentucky." *Caldwell v. Astrue*, No. 11-169-DLB, 2012 WL 529240, at *5 (E.D. Ky. Feb. 17, 2012).

Judge Thapar noted:

> Mr. Riggs appears to have made a separate durational requirement argument based on *Gatliff* fifty-one times in the Eastern District of Kentucky over the past two years, and all fifty-one times, the district courts have rejected this argument. Mr. Riggs is certainly entitled to present this argument in his filings, but he should, at the very least, acknowledge adverse rulings and explain why they are incorrect. *See* Fed.R.Civ.P. 11(b)(2). He has done neither.

*Clark v. Astrue*, No. 11–260–ART, 2011 WL 6742926, at *4 (E.D.Ky. Dec. 23, 2011)

This Court agrees with Judge Bunning's conclusion that, "until counsel presents an explanation as to why this Court's previous adverse rulings were incorrect, this argument will be dismissed outright." *Caldwell*, 2012 WL 529240, at * 5.

Further, as Judge Thapar further noted in *Clark*:

> District courts in this circuit have "repeatedly rejected any suggestion of a separate durational requirement." *Estes v. Astrue*, No. 10–343, 2011 WL 3903090, at *4 (E.D.Ky. Sept. 6, 2011) (Forester, J.). Instead, our sister courts have reached the same conclusion this Court does today: an ALJ's residual function capacity calculations take into account the claimant's ability to maintain employment. *See, e.g., Barnett v. Astrue*, No. 11–110, 2011 WL 5925534, at *4 (E.D.Ky. Nov. 28, 2011) (Wilhoit, J.); *Metcalf v. Astrue*, No. 10–358, 2011 WL 2009446, at *5 (E.D.Ky. May 23, 2011) (Reeves, J.); *Wilson v. Astrue*, No. 10–089, 2010 WL 4024893, at *6 (E.D.Ky. Oct. 13, 2010) (Reeves, J.); *Johnson v. Astrue*, No. 08–298, 2009 WL 2473627, at *3 (E.D.Ky. Aug. 10, 2009) (Coffman, C.J.); *Coots v. Astrue*, No. 08–156, 2009 WL 1326260, at *7 (E.D.Ky. May 12, 2009) (Van Tatenhove, J.).

Because an ALJ's RFC takes into account the claimant's ability to maintain employment, the ALJ did not err by failing to consider this ability.

### 4) The ALJ's Decision is Supported by Substantial Evidence.

In his motion, Plaintiff asserts the following issue to be resolved by this Court:

> Whether a reasonable person could conclude and justify that plaintiff is not disabled in light of the substantial limitations assigned by the treating

physician, supported by overwhelming evidence of a lifetime of such difficulties and the further evaluation of the consultation physician.

The Plaintiff does not address this issue in his Memorandum in Support of Motion for Summary Judgment. Thus, he has waived this issue. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (citation omitted).

By referencing the "reasonable person," it appears that this may be an argument that substantial evidence did not support the ALJ's decision. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 438 (6th Cir. 2010)("[s]ubstantial evidence. . . would prompt a reasonable person to accept that the evidence adequately supports a conclusion."). To the extent that Plaintiff makes this argument, he appears to simply repeat his argument that the ALJ improperly discounted the treating physician's opinion. As discussed above, however, the ALJ gave sufficient reasons for discounting the treating physician's opinion and did so after considering all of the medical evidence in the record including the objective medical evidence. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

In addition, the ALJ noted that the Plaintiff's "treatment-seeking history, diagnostic test results, clinical signs, symptoms, medications and other prescribed treatment demonstrate that the claimant is able to perform some physical work activities." AR 15. The ALJ also stated that "the medical evidence does not document a listing-level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination." AR 12..

11

The ALJ also considered the Plaintiff's daily activities. *See Blancha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (acknowledging that "an ALJ may consider household and social activities in evaluating complaints of disabling pain"); *see also* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). Plaintiff's testimony indicated that he performs mental work activities, reads, writes, drives, grows a small garden, attends church and performs household chores. AR 13. The Plaintiff also testified that he drove to Indianapolis within the past year and did not stop working due to health reasons. AR 13. These admissions are inconsistent with a finding of impairment severe enough to qualify for disability benefits, therefore the ALJ was correct in his determination.

In sum, the Court finds that the ALJ's opinion was supported by substantial evidence.

### III.   CONCLUSION.

For the reasons set forth above, the Court holds that the ALJ's decision denying Plaintiff's claim for benefits is supported by substantial evidence. Accordingly, the Court **HEREBY ORDERS** as follows:

(1)   Plaintiff's Motion for Summary Judgment [DE 12] is **DENIED**; and

(2)   Defendant's Motion for Summary Judgment [DE 13] is **GRANTED.**

Dated this 27th day of February, 2012.



Signed By:
*Karen K. Caldwell*  KKC
United States District Judge